**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

AMERICAN EXPRESS NATIONAL
BANK and AMERICAN EXPRESS
TRAVEL RELATED SERVICES
COMPANY, INC.,

        Plaintiffs,

        v.

ZMZ GLOBAL, INC.; DIALECTIC
DISTRIBUTION, LLC; DIALECTIC PR,
LLC; and ZACHARY ZELTZER,

        Defendants.

Case No: 25-cv-18780

**OPINION**

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Defendants ZMZ Global, Inc. ("ZMZ"); Dialectic Distribution, LLC ("Dialectic"); Dialectic PR, LLC ("Dialectic PR"); and Zachary Zeltzer's ("Zeltzer," and collectively, "Defendants") Motion to Dismiss (the "Motion"), ECF No. 58. The Court decides the Motion without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated herein, the Motion is **DENIED**.

## I.    BACKGROUND

American Express Travel Related Services Company, Inc. ("AETRS") and American Express National Bank's (together, "American Express" or "Plaintiffs") Second Amended Complaint[1] (the "SAC" or "Complaint") asserts several causes of action: two counts of breach of contract, one count of accounts stated, and, in the alternative, one count each of money had and received and unjust enrichment. *See generally* SAC, ECF No. 55.

The Court accepts the following facts as true for the purposes of deciding the Motion. AETRS issued Dialectic a "combined liability account" under its "Commercial Services Program" (the "35009 Account"). SAC ¶ 16. Zeltzer, as commercial cardmember of the 35009 Account, agreed to be jointly and severally liable for all charges incurred. *Id.* According to the SAC, Defendants used the 35009 Account to accrue large balances, initiate payment, and then instruct their bank to return the payment before it was processed.

---

[1] Plaintiffs commenced this action in the United States District Court for the Southern District of New York. After Defendants moved to dismiss under Rule 12(b)(2), the parties stipulated to transfer this matter to the United States District Court for the District of New Jersey, where it was assigned to this Court. *See Am. Express Nat'l Bank v. ZMZ Glob. Inc.,* No. 25-cv-874, ECF No. 52 (S.D.N.Y. Dec. 18, 2025).

*See id.* ¶ 21-22, 25. Defendants did so, it is alleged, as part of a scheme to "obtain credit from American Express without the intent or ability to repay" the outstanding balances. *Id.* ¶ 23. The alleged scheme continued for years, with Defendants opening multiple other accounts and engaging in a similar course of conduct (the "63000, 63003, and 81000 Accounts," and together with the 35009 Account, the "Accounts"). *Id.* ¶ 18.

Each of the Accounts was governed by a corporate services agreement between AETRS and a defendant: for the 35009 Account, the agreement was with Dialectic (the "35009 Agreement"); and for the 63000, 63003, and 81000 Accounts, with Dialectic PR (the "63000 Agreement" and together with the 35009 Agreement, the "Agreements"). *Id.* ¶¶ 16, 18. The 63000 Agreement stated that Zeltzer would be jointly and severally liable for the balance incurred on the 63000, 63003, and 81000 Accounts in his capacity as commercial cardholder. *Id.* ¶ 19. The Agreements also provided that if Dialectic or Dialectic PR failed to pay the amount owed, AETRS would be entitled to recover from them and Zeltzer its collection costs, attorneys' fees, court costs, and all other related expenses. *Id.* ¶¶ 17-18.

All told, American Express claims that the total outstanding balance across the Accounts is $3,304,064.34. *Id.* ¶¶ 25-26, 59. Plaintiffs seek to hold Defendants liable for damages under a corporate veil-piercing theory, alleging that Zeltzer was the "single member and CEO" of each of ZMZ, Dialectic, and Dialectic PR. *Id.* ¶¶ 28-40.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for a complaint's dismissal if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate only if, after construing all well-pleaded allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint lacks "sufficient factual matter to show that the claim is facially plausible." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citation modified). The assumption of truth does not apply to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In deciding the Motion, the Court considers the documents "integral to or explicitly relied on in the complaint," such as the Agreements. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citation modified); SAC Ex. A, ECF No. 55-1; Ex. B 55-2.

## III.    DISCUSSION

At the outset, the Court notes that it decides the Motion under New York law.[2] *See* Exs. A ¶ 13, B ¶ 13 (applying New York law to the Agreements).

---

[2] In the Motion, Defendants state that New York law applies to Plaintiffs' claims. Def.'s Br. 4, ECF No. 58-1. On Reply, however, Defendants for the first time assert that "Third Circuit New Jersey law" is applicable. Defs.' Reply 4, ECF No. 60. For this reason, Plaintiffs filed a motion seeking to strike portions of the Reply that raise new arguments, or in the alternative, leave to file a sur-reply (the "Motion to Strike"), ECF No. 61. Because arguments raised for the first time in reply are deemed waived, the Court, rather than striking these arguments, declines to consider

2

## 1. Breach of Contract Claims

To state a claim for breach of contract, one must allege: (1) the existence of a valid contract; (2) plaintiff's performance in accordance with the contract; (3) defendant's breach; and (4) damages. *34-06 73, LLC v. Seneca Ins. Co.*, 198 N.E.3d 1282, 1287 (N.Y. 2022). The SAC adequately alleges every element for both counts.

First, the Agreements are attached to the Complaint. SAC Exs. A, B. Next, the SAC alleges that AETRS kept its end of the bargain by extending credit to Defendants under the terms of the Agreements. *Id.* ¶¶ 42-43, 52. As for the third element, while Defendants may argue that the SAC "do[es] not indicate any specific section that the Defendants have breached," Defs.' Br. 4, this is belied by the record. The SAC states that Dialectic and Dialectic PR failed to make timely payments under Section 2 of the Agreements, SAC ¶¶ 46, 53, and Zeltzer breached Section 3.2 of the Agreements through his failure to pay. *Id.* ¶¶ 16, 46, 54. Lastly, the SAC alleges damages of $907,808.94 and $2,396.255.40 as unpaid balances under the Agreements. *Id.* ¶¶ 25-26. For these reasons, the SAC states a claim for two counts of breach of contract.

Defendants' remaining arguments in favor of dismissal each fail. They first argue the SAC does not plead a contract to which Zeltzer is bound. Defs.' Br. 6. The Court disagrees. The Agreements plainly indicate that commercial cardmembers, like Zeltzer, are jointly and severally liable for the charges incurred. *Id.* Ex. A (Section 3.2); *Id.* Ex. B (same); *Id.* ¶ 16 (describing Zeltzer as a commercial cardmember). In any event, the SAC also purports to impose liability on Zeltzer under a theory of corporate veil-piercing. *Id.* ¶¶ 28-40. The Court declines to address this issue at the pleading stage, *see Sphere Digit., LLC v. Armstrong*, No. 20-cv-4313, 2020 WL 6064156, at *6 (S.D.N.Y. Oct. 14, 2020); *Wolcott v. Jersey Shore Boat Towing and Salvage, Inc.*, No. 23-cv-22300, 2025 WL 2772933, at *5 (D.N.J. Sept. 29, 2025), noting that the parties may revisit this issue during discovery. Second, Defendants argue that the Agreements are not binding on them because they are unsigned. Defs.' Br. 5, 8. This argument fails as a matter of law. *See Am. Express Nat'l Bank v. Belciu-Kerns*, 227 A.D.3d 646, 646 (2d Dep't 2024) (finding that defendants' use of the credit card established acceptance of the credit card agreement).

## 2. Accounts Stated

To state a claim for accounts stated, a plaintiff must allege: (1) an account was stated between the parties; (2) the defendant owed plaintiff an amount due on the account; and (3) the defendant agreed to pay the amount due. *See Toobian v. Toobian*, 209 A.D.3d 907, 910 (2d Dep't 2022). Defendants' only argument for dismissing this count is that there is no contract between American Express and certain Defendants. Def.'s Br. 8. Putting aside Defendants' mischaracterization of the record, *see supra*, this argument fails because an accounts stated claim does not require a signed contract to survive a motion to dismiss. *See Fleetwood Agency, Inc. v. Verde Elec. Corp.*, 85 A.D.3d 850, 851 (2d Dep't 2011).

---

them. *See Hayes v. Silvers, Langsam & Weitzman, P.C.*, 441 F. Supp. 3d 62, 66 n.4. Accordingly, the Motion to Strike is **DENIED AS MOOT.**

3

### 3. Claims Pleaded in the Alternative

As an alternative to Plaintiffs' breach of contract claims, the SAC asserts causes of action for money had and received and unjust enrichment. SAC ¶¶ 63-70. Defendants do not dispute that the SAC sufficiently alleges the elements of each claim. Rather, they argue that by "alleg[ing] the existence of a valid contract that governs this dispute," American Express cannot bring a claim for money had and received. Defs.' Br. 8-9. The Federal Rules of Civil Procedure foreclose this argument. Fed. R. Civ. P. 8(d) (permitting parties to plead alternative or inconsistent claims).[3] Thus, finding that the SAC alleges the elements of each claim, *see Pacella v. RSA Consultants, Inc.*, 164 A.D.3d 806, 808 (2d Dep't 2018) (money had and received); *Philip S. Schwartzman, Inc. v. Pliskin, Rubano, Baum & Vitulli*, 215 A.D.3d 699, 702 (2d Dep't 2023) (unjust enrichment), Plaintiffs' claims for money had and received and unjust enrichment may proceed.

## IV.    CONCLUSION

For these reasons, the Motion is **DENIED** in its entirety. An appropriate order follows.

Date: May 28, 2026

_____
WILLIAM J. MARTINI, U.S.D.J.

---

[3] The Court also notes the internal inconsistency in Defendants' arguments. *Contrast* Defs.' Br. 7-8 (arguing that the accounts stated claim should be dismissed because the SAC does not provide evidence of a contract) *with* Defs.' Br. 8 (arguing that the money had and received claim *must* be dismissed because Plaintiffs allege the existence of a contract).

4