**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMERICAN EXPRESS NATIONAL BANK and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., | No. 25-cv-18780 |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| ZMZ GLOBAL, INC., *et al.* | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Defendant ZMZ Global, Inc. ("ZMZ"), Dialectic Distribution, LLC ("Dialectic"), Dialectic PR, LLC ("Dialectic PR"), and Zachary Zeltzer's (collectively, "Defendants") Motion to Reconsider (the "Motion"). ECF No. 66. The Court decides the Motion without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated herein, the Motion is **DENIED**.

## I.     BACKGROUND

The Court assumes the parties' familiarity with this case and sets forth only what is necessary for disposition of the Motion. In its May 28, 2026 Opinion (the "Opinion"), the Court denied Defendants' Motion to Dismiss, ECF No. 58, holding that American Express National Bank ("AENB") and American Express Travel Related Services Company, Inc. ("AETRS," and together, "Plaintiffs") stated plausible claims for breach of contract, accounts stated, and money had and received. ECF No. 62. The Opinion also denied as moot Plaintiffs' motion to strike, or, in the alternative, for leave to file a sur-reply to address the contents of Defendants' Reply. Op. 2 n.2.

## II.     LEGAL STANDARD

Local Rule 7.1 requires a party seeking reconsideration to provide "the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i). "The standard for reconsideration is high and reconsideration is to be granted only sparingly." *Church & Dwight Co., Inc. v. Abbot Lab'ys*, 545 F. Supp. 2d 447, 448 (D.N.J.

1

2008).    Reconsideration may be granted because of: (1) an intervening change in controlling law; (2) the availability of evidence that was unavailable when the court decided the motion; and (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).    Manifest injustice may arise "where the Court overlooked some dispositive factual or legal matter that was presented to it, or committed a direct, obvious, and observable error." *Roggio v. FBI*, No. 08-cv-4991, 2025 WL 1511141, at *3 (D.N.J. May 8, 2025) (citation modified).

## III.    DISCUSSION

Defendants advance three arguments in their request for reconsideration.    First, Defendants argue the Court overlooked that the Second Amended Complaint (the "SAC") "abandons all claims previously asserted by [AENB]."    Defs.' Br. 2, ECF No. 65-1. Second, Defendants state that the Court overlooked that the SAC does not allege a contractual relationship between AETRS and ZMZ.    *Id.*    Third, Defendants argue that this Court's decision to not consider purportedly new arguments raised for the first time on reply warrants reconsideration.    *Id.*    The Court addresses each argument in turn.

### 1.  AENB's Status as Plaintiff

Defendants argue that the Opinion failed to address their argument that AENB is "not a proper party to the operative pleading."    Defs.' Br. 3.    AETRS agrees that AENB is no longer a party.    Pls.' Opp'n 3, ECF No. 66.    Still, this does not warrant reconsideration of the Opinion.    *Cf.* Fed. R. Civ. P. 21; *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972).    Instead, the Court instructs the Clerk's Office to **STRIKE** AENB from the case caption.    Each of AETRS's claims remains active.

### 2.  Contractual Relationship between AETRS and ZMZ

Next, Defendants contend that reconsideration should be granted because the Court overlooked the SAC's failure to allege a contractual relationship between ZMZ and AETRS.    Defs.' Br. 4.    This does not warrant reconsideration either.    As the Opinion recognized, AETRS seeks to hold all Defendants jointly and severally liable under a veil-piercing theory, Op. 2.; SAC ¶ 33 (alleging that ZMZ, Dialectic, and Dialectic PR "operated as a single integrated business enterprise and as Zeltzer's alter egos"); *see also* SAC ¶ 45.    Because the SAC adequately alleged the existence of contractual relationships between AETRS and Dialectic, Dialectic PR, and Zeltzer—and also stated that Zeltzer was the "single member and CEO of ZMZ, Dialectic, and Dialectic PR, SAC ¶ 31—the Court declined to dismiss any defendant at the pleading stage.    Op. 3.    The Court was within its rights to do so, *Wolcott v. Jersey Shore Boat Towing and Salvage, Inc.*, No. 23-cv-22300, 2025 WL 2772933, at *5 (D.N.J. Sept. 29, 2025), and again notes that the parties may revisit this issue at summary judgment.

### 3.  Defendants' Reply

Finally, Defendants take issue with the Court's decision to disregard arguments Defendants raised for the first time in Reply.    The Court disagrees with Defendants'

assertion that they did not advance any new arguments. *Contrast* Defs.' Br. in Support of Motion to Dismiss, ECF No. 58-1 *with* Defs.' Reply in Support of Motion to Dismiss 4, ECF No. 60-1 (arguing for the first time that New Jersey's statute of frauds applies).

Even if the Court considered these arguments, however, it would not have altered its disposition of the Motion to Dismiss. For the reasons stated in the Opinion, the SAC adequately alleges each of its counts. None of Defendants' submissions—whether advanced in its Motion to Dismiss, its Reply in support of the same, or in the instant Motion—warrant reconsideration of the Opinion.

## IV.    CONCLUSION

For the foregoing reasons, the Motion is denied. Accordingly, it is hereby:

ORDERED that Defendants' Motion is **DENIED**; and

ORDERED that the Clerk's Office shall remove "American Express National Bank" from the case caption.

Date: 7/6/2026

WILLIAM J. MARTINI, U.S.D.J.

3